# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD DANDAR,** ) | |
| Petitioner, ) | Civil Action No. 12-152 Erie |
| ) | |
| v. ) | |
| ) | |
| **KEN CAMERON, et al.,** ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

This action was received by the Clerk of Court on July 3, 2012, and was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b) and Local Rule 72.

The Magistrate Judge's Report and Recommendation [ECF No. 5], filed on July 16, 2012, recommended that the petition be summarily dismissed without service pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, and that a certificate of appealability be denied. Petitioner was allowed until August 17, 2012, to file objections. On August 15, 2012, he filed three separate documents with this Court. [ECF Nos. 15, 16, and 17]. Since that date, he has filed many other motions and documents [ECF Nos. 18-34], including a motion for my recusal [ECF No. 23].

The Magistrate Judge recommended that the petition be dismissed because it cannot be disputed that it is successive and, therefore, subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, AEDPA mandates that before filing a successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for

1

authorization to file a successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2).  See U.S.C. § 2244(b)(3)(C).  AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings.  Burton v. Stewart, 549 U.S. 147 (2007).  See also Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010).

Petitioner has not stated anything in the documents that he has submitted to dissuade the Court from adopting the Magistrate Judge's recommendation in full.  Because he has not received from the Court of Appeals permission to file a successive petition, the instant habeas petition must be dismissed because this Court lacks jurisdiction.  For that same reason, the numerous motions that Petitioner has filed in this case also must be denied.

As for Petitioner's motion for recusal [ECF No. 23], pursuant to 28 U.S.C. § 455(a), a presiding federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The test for recusal is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003) (citation omitted).  Applying this standard, I find that no basis has been stated by Petitioner that warrants my recusal.

Thus, after de novo review of the documents Petitioner has filed in this case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 3rd day of October, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is summarily DISMISSED without service and a certificate of appealability is DENIED;

The motions that has Petitioner filed at ECF No. 15, 17, 18, 20, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, and 34 are DENIED;

The Report and Recommendation [ECF No. 5] of Magistrate Judge Susan Paradise Baxter, filed on July 16, 2012, is adopted as the opinion of the Court. The Clerk of Court shall mark this case closed.

/s/ Sean J. McLaughlin
United States District Court Judge

cc: Susan Paradise Baxter, U.S. Magistrate Judge

Ronald Dandar
AP-6933
SCI Cresson
Old Route 22
Cresson, PA 16699-0001